Certain Underwriters at Lloyd's, London v Southwest Mar. & Gen. Ins. Co.

2026 NY Slip Op 02329

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Certain Underwriters at Lloyd's, London, Plaintiff-Respondent,

v

Southwest Marine and General Insurance Company, Defendant-Appellant.

Decided and Entered: April 16, 2026

Index No. 651449/24|Appeal No. 6399|Case No. 2025-02496|

Before: Manzanet-Daniels, J.P., Higgitt, Rosado, O'neill Levy, Chan, JJ.

O'Toole Scrivo LLC, New York (Steven A. Weiner of counsel), for appellant.

Kenney Shelton Liptak Nowak LLP, Buffalo (Matthew C. Ronan of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered March 6, 2025, which granted plaintiff's motion for partial summary judgment declaring that defendant must defend plaintiff's insured, nonparty Arsenal Scaffold Inc., on a primary and noncontributory basis in an underlying action and reimburse plaintiff for all costs incurred in defending Arsenal in the underlying action, and denied defendant's cross-motion for summary judgment, unanimously affirmed, without costs.

Plaintiff commenced this action for, among other things, a declaration that defendant had a duty to defend plaintiff's named insured, Arsenal, in an underlying action. In the underlying action, the plaintiffs each allege that they were "caused to be seriously injured when" they fell "from an elevated height at" the construction site, and subsequently claimed to have been injured while working on a scaffold. Defendant's named insured, JGR Services Inc., contracted with Arsenal to perform work at the site, and is the only party identified that performed work there on behalf of Arsenal. In a third-party complaint, JGR is also alleged to have caused the underlying plaintiffs' injuries as a result of its negligence.

The court properly granted plaintiff's motion for partial summary judgment declaring that defendant had a duty to defend Arsenal in the underlying action as an additional insured. The record amply supports the court's conclusion that defendant "has actual knowledge of facts establishing a reasonable possibility of coverage," thereby requiring it to provide a defense (Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175 [1997] [internal quotation marks omitted]; see Live Nation Mktg., Inc. v Greenwich Ins. Co., 188 AD3d 422, 423 [1st Dept 2020]). While defendant's named insured is not a defendant in the underlying action, defendant cannot simply ignore the facts known to it that create a reasonable possibility of coverage (see Sumner Bldrs. Corp. v Rutgers Cas. Ins. Co., 101 AD3d 417, 418-419 [1st Dept 2012]).

We have considered defendant's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026